

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

August 21, 2019

**BY ECF**

The Honorable Loretta A. Preska
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York  10007

      Re:    <u>United States</u> v. <u>Robert Morrison</u>, 07 Cr. 3 (LAP)

Dear Judge Preska:

The Government respectfully submits this letter in response to defendant Robert Morrison's motion for a reduction of sentence pursuant to Section 404 of the First Step Act of 2018, which makes retroactive the provisions of the Fair Sentencing Act of 2010 that lowered the mandatory minimum sentences applicable to offenses involving cocaine base (crack cocaine). (Doc. No. 808). As discussed below, the Government believes the defendant is ineligible for a reduction of sentence under the First Step Act. Morrison's violation of the federal narcotics laws involved at least 150 grams of crack, a quantity that exceeds the Fair Sentencing Act's higher thresholds for sentencing under 21 U.S.C. § 841(b)(1)(B). As such, the statutory mandatory minimum and maximum sentences applicable to Morrison remain the same, and therefore Morrison is not eligible for resentencing under the First Step Act. In the alternative, the Court should exercise its discretion not to reduce Morrison's sentence.

**Applicable Law.** "'[A] judgment of conviction that includes [a sentence of imprisonment] constitutes a final judgment' and may not be modified by a district court except in limited circumstances." *United States v. Dillon*, 560 U.S. 817, 824 (2010) (quoting 18 U.S.C. § 3582(b)). 18 U.S.C. § 3582(c)(1)(B) provides one such circumstance: "[A] court may modify an imposed term of imprisonment to the extent otherwise *expressly* permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure" (emphasis added). Section 404(b) of the First Step Act provides, in relevant part, that a court may "impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." This provision satisfies the express permission required under 18 U.S.C. § 3582(c)(1)(B) to modify an already imposed term of imprisonment by making retroactive the portions of the Fair Sentencing Act that lowered statutory penalties for certain offenses involving cocaine base. *See, e.g.*, *United States v. Delaney*, 2019 WL 861418, at *1 (W.D. Va. Feb. 22, 2019) ("Modifications of sentences under the First Step Act are governed by 18 U.S.C. § 3582(c)(1)(B)[.]"); *United States v. Martinez*, 04-cr-48 (JSR), 2019 WL 2433660 (S.D.N.Y. June 11, 2019) ("[S]ection 404 motions are most naturally interpreted as motions brought under § 3582(c)(1)(B)"), *appeal docketed*, No. 19-1736 (2d Cir. June 12, 2019).

August 21, 2019
Page 2

The Fair Sentencing Act was enacted on August 3, 2010 and did not apply retroactively. *Dorsey v. United States*, 567 U.S. 260 (2012). The First Step Act applies to "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372), that was committed before August 3, 2010," and provides that the court may "impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." Section 404(c) states:

> No court shall entertain a motion made under this section to reduce a sentence if the sentence was previously imposed or previously reduced in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372) or if a previous motion made under this section to reduce the sentence was, after the date of enactment of this Act, denied after a complete review of the motion on the merits. Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section.

Prior to the Fair Sentencing Act, under 21 U.S.C. § 841(b)(1)(B), an offense involving 5 grams or more of cocaine base required a mandatory minimum term of imprisonment of 5 years, and allowed a maximum term of imprisonment of 40 years. Section 2 of the Fair Sentencing Act changed the threshold quantity to 28 grams for application of these sentencing provisions. Thus, as expressly provided by Section 404(b) and Section 3582(c)(1)(B), this court may only modify the sentence of a defendant whose offense occurred before August 3, 2010 "to the extent" the defendant's sentencing exposure would be different under Section 2 or Section 3 of the Fair Sentencing Act. *See Martinez*, 2019 WL 2433660, at *3 (S.D.N.Y. June 11, 2019) ("nearly every other court to address the issue has also held that the First Step Act does not contemplate plenary resentencings").

The structure of Section 404(b) — allowing only a *reduction* in sentence in limited circumstances to a limited class of prisoners — is analogous to that of 18 U.S.C. § 3582(c)(2), which provides in relevant part that, "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . , the court may *reduce* the term of imprisonment . . ." (emphasis added). And, consistent with the Government's position here as to Section 404(b), the Supreme Court found that Section 3582(c)(2) "does not authorize a sentencing or resentencing proceeding," and that it instead "provides for the modification of a term of imprisonment by giving courts the power to 'reduce' an otherwise final sentence in circumstances specified by the Commission." *Dillon*, 560 U.S. at 825. In arriving at that conclusion, the Court looked to the fact that 28 U.S.C. § 994(a)(2)(C) referred to Section 3582(c) as a "sentence modification provision," and that the "provision applies only to a limited class of prisoners — namely, those whose sentence was based on a sentencing range subsequently lowered by the Commission." *Id.* at 825-826. Both reasons are equally applicable here to Section 404(b) and Section 3582(c)(1)(B).

August 21, 2019
Page 3

Accordingly, the First Step Act grants courts the discretion to reduce the sentence of eligible persons only to the extent that their sentences would have been different if Sections 2 or 3 of the Fair Sentencing Act of 2010 had applied.

**Robert Morrison's Offense Conduct.**  From 2003 to April 2007, Robert Morrison was a member of a drug distribution and armed robbery organization called the DeKalb Avenue Crew.  By day, Morrison and his co-conspirators would sell crack cocaine to other drug dealers and to addicts in the Bronx.  By night, they would go on home invasion robberies to obtain more drugs and money for the organization.  As Judge Barbara S. Jones remarked at sentencing, Morrison "used firearms and violence both to protect the crack business and to do home invasions, and . . . [his] victims included women and children and at least on one occasion [he] discharged a weapon, again with no regard for the safety of others."  Doc. No. 535 (Sentencing Transcript) at 12.

**Procedural and Sentencing History.**  On January 4, 2010, Morrison pleaded guilty pursuant to a plea agreement to (1) conspiracy to distribute and possess with intent to distribute 5 grams or more of crack cocaine, in violation of 21 U.S.C. §§ 812, 841(a)(1), 841(b)(1)(B), and 846; and (2) using, carrying, possessing, and discharging a firearm during a Hobbs Act robbery, in violation of 18 U.S.C. § 924(c)(1)(A)(iii) and 2.  *See* Doc. Nos. 345 (11th Superseding Information); 526 (Judgment).  In the plea agreement, the parties stipulated that the defendant conspired to distribute and possess with intent to distribute at least 150 grams but less than 500 grams of crack cocaine. *See* Doc. No. 521, Ex. A (Plea Agreement) at 3.  Based on this drug quantity, and a 3-level reduction for acceptance of responsibility, the parties calculated a United States Sentencing Guidelines ("Guidelines") offense level of 29.  *Id.*  The parties calculated the defendant's criminal history category to be III, and his resulting Guidelines range to be 97 to 121 months' imprisonment for Count One, followed by a consecutive 120 months' imprisonment for Count Two, for a total Guidelines range of 217 to 241 months' imprisonment.  *Id.* at 4.  On January 12, 2012, Judge Jones adopted the Guidelines range in the plea agreement and sentenced the defendant to a below-Guidelines term of imprisonment of 192 months.  *See* Doc. 535 (Sentencing Transcript) at 11–12.  Morrison did not dispute the drug quantity of 150 grams to 500 grams of crack cocaine specified in the plea agreement.  *See id.* at 3.

On December 30, 2015, Morrison moved to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) based on Amendment 782 to the Guidelines, which reduced the offense level for most drug levels on Section 2D1.1's Drug Quantity Table by two levels.  Doc. No. 624.  On June 14, 2016, this Court denied the motion because Morrison's sentence of 192 months' imprisonment was below the amended Guidelines range of 198 to 217 months.  Doc. No. 631.

**Morrison Is Ineligible for a Sentencing Reduction.**  The Government opposes a sentencing reduction for Morrison because the quantity of crack cocaine for which he is responsible exceeds the higher drug quantity threshold set by the Fair Sentencing Act for Section 841(b)(1)(B).

At the outset, the Government notes that Morrison satisfies the procedural prerequisites for a First Step Act reduction under Section 404(c).  Specifically, a review of the docket and other available records in this case indicates that the defendant's sentence was not previously imposed or previously reduced under the Fair Sentencing Act; nor was any previous motion to reduce the sentence, made under Section 404 of the First Step Act after the Act's enactment, denied after a

August 21, 2019
Page 4

complete review of the motion on the merits.  Morrison is accordingly not precluded from making this motion by virtue of Section 404(c) of the First Step Act.

Morrison is nevertheless ineligible for a sentencing reduction because his violation does not qualify as a "covered offense" under the First Step Act.  As noted above, Section 404(a) of the First Step Act defines a "covered offense" as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act . . . that was committed before August 3, 2010."  Section 404(b) then provides that a court may "impose a reduced sentence as if sections 2 or 3 of the Fair Sentencing Act . . . were in effect at the time the covered offense was committed."

Morrison is not eligible for relief under Section 404 because he was found and remains responsible for at least 150 grams of crack — an amount that far exceeds the threshold quantity for a Section 841(b)(1)(B) offense even after the Fair Sentencing Act.  Put differently, the "statutory penalties" for Morrison's "violation of a Federal criminal statute" — conspiracy to distribute at least 150 grams of crack cocaine — were not changed by the Fair Sentencing Act; that violation still carries a term of imprisonment of 5 to 40 years.

The Government acknowledges that a number of courts in this District and elsewhere have rejected this interpretation of Section 404, concluding instead that a defendant is eligible for relief if convicted under a statute for which the attendant penalties have changed, or if the drug quantity specified in the charging instrument produces changed statutory penalties.  *See United States v. Rose*, 379 F. Supp. 3d 223, 228 (S.D.N.Y. 2019) (Caproni, J.) (eligibility under the First Step Act is determined by whether "the penalties associated with their *statute of conviction* were among those amended by the Fair Sentencing Act" (emphasis added)); *United States v. Williams*, No. 03-CR-1334, 2019 WL 2865226, at *2 (S.D.N.Y. July 3, 2019) (Oetken, J.) (adopting the reasoning in *Rose*); *Martinez*, 2019 WL 2433660, at *2 (Rakoff, J.) ("violation of a Federal criminal statute" refers to "the amount charged in the indictment"); *see also, e.g.*, *United States v. Allen*, 2019 WL 1877072, at *3 (D. Conn. Apr. 26, 2019); *United States v. Dodd*, 2019 WL 1529516, at *2-3 (S.D. Iowa Apr. 9, 2019); *United States v. Simons*, 2019 WL 1760840, *6 (E.D.N.Y. Apr. 22, 2019); *United States v. Martin*, 2019 WL 1558817, *3 (E.D.N.Y. Apr. 10, 2019); *United States v. Davis*, 2019 WL 1054554, at *2 (W.D.N.Y. Mar. 6, 2019); *United States v. Pugh*, 2019 WL 1331684, at *3 (N.D. Ohio Mar. 25, 2019); *United States v. Pierre*, 2019 WL 1495123, at *5 (D.R.I. Apr. 5, 2019); *United States v. Stanback*, 2019 WL 1976445, at *3 (W.D. Va. May 2, 2019); *United States v. Laguerre*, 2019 WL 861417, at *3 (W.D. Va. Feb. 22, 2019); *United States v. Glore*, 2019 WL 1060838, at *6 (E.D. Wis. Mar. 6, 2019).

The Government respectfully submits that the reasoning adopted by these courts cannot be squared with the statutory language or with congressional intent.  *See United States v. Blocker*, 378 F. Supp. 3d 1125, 1129–32 (N.D. Fla. 2019) (eligibility for a sentence reduction under the First Step Act depends on the "criminal conduct" constituting the "violation" of the criminal statute, not the charge in the indictment); *United States v. Banuelos*, 2019 WL 2191788, at *2–3 (D. New Mex. May 21, 2019) (determining a defendant's eligibility for First Step Act relief based on the drug quantity for which the defendant was responsible, not the quantity charged in the indictment); *see also, e.g.*, *United States v. Glover*, 377 F. Supp. 3d 1346, 1361 (S.D. Fla. 2019); *United States v. Haynes*, 2019 WL 1430125, at *2 (D. Neb. Mar. 29, 2019); *United States v. Potts*, 2019 WL

August 21, 2019
Page 5

1059837, at *2 (S.D. Fla. Mar. 6, 2019); *United States v. Jackson*, 2019 U.S. Dist. LEXIS 109993 (E.D. Pa. June 26, 2019).

In the Government's view, in the First Step Act's definition of a covered offense, the second clause — "the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010" — qualifies the phrase "*violation* of a Federal criminal statute," rather than the word "statute" alone.   As an initial matter, the Fair Sentencing Act did not "modify" the statutory penalties for Sections 841(b)(1)(A)–(B).   Instead, the Fair Sentencing Act changed the drug quantity thresholds necessary to trigger those statutory penalties.   Thus, determining whether a statutory penalty was "modified" requires looking at the context of the facts of the violation, not just the statute of conviction.   In addition, the use of the word "for" suggests that the penalties that matter are those attached to the "violation," rather than the "statute," as the phrase "the penalties *for* a violation" reads more naturally than "the penalties *for* a statute."   Lastly, the specification that the court may "impose a reduced sentence as if Sections 2 and 3 of the Fair Sentencing Act . . . were in effect at the time the covered offense was committed" suggests that the inquiry properly focuses on the offense that was *committed*, rather than the offense that was charged.   Under this interpretation, the answer to Morrison's motion is clear:   The increase from 5 grams to 28 grams in the amount of crack cocaine necessary to trigger application of Section 841(b)(1)(B) would not "modif[y]" the penalties applicable to Morrison's 150-gram violation.   Accordingly, Morrison's motion should be denied.

If, instead, the "statutory penalties" clause qualifies "statute," then *every* crack cocaine case from the pre-Fair Sentencing Act era would be eligible for First Step Act consideration and reduction because the Fair Sentencing Act would be viewed to have modified the penalties for the underlying Section 841(a) (or Section 846) violation.   Indeed, because the Fair Sentencing Act changed the statutory penalty scheme for Section 841 (though not in a way that affected every subsection thereof), it would appear, on this reading, that any defendant sentenced for any violation of that statute or of Section 846 — whatever the controlled substance involved in the offense — would technically be eligible for First Step Act relief.   That interpretation makes little sense; a statutory provision so clearly designed to make available to earlier-sentenced defendants the benefits (if any, in a given case) of the Fair Sentencing Act's increase in crack cocaine thresholds should not be read as opening the door to sentencing reductions in every other crack (much less every other drug) case from that earlier era.   This is all the more true given the statutory preference given to the finality of judgments, absent *express* authorization by Rule 35 or statute.   *See Dillon*, 560 U.S. at 824; 18 U.S.C. § 3582(b).

Because the "statutory penalties" clause modifies not "statute" but "violation," a defendant's eligibility under the First Step Act turns on the conduct underlying his conviction.   *See, e.g.*, *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 489 (1985) (in context of 18 U.S.C. § 1964(c), "violation" "refers only to a failure to adhere to legal requirements," not a criminal conviction); *id.* at 489 n.7 (when Congress wishes to refer to "prior convictions, rather than prior criminal activity," it uses the term "conviction," not "violation"); *United States v. Hayes*, 555 U.S. 415, 426 (2009) (a statute defining a prior conviction for a "misdemeanor crime of domestic violence" referred in part to the defendant's actual conduct, not the statutory elements of the crime, when it described the prior offense as one "*committed by* a current or former spouse, parent, or guardian").   Here, because the statutory penalties for the violation Morrison committed — conspiracy to

August 21, 2019
Page 6

distribute more than 150 grams of crack — are the same under the Fair Sentencing Act as they were before the Act's passage, Morrison is not eligible for relief.

This reading of the statute not only comports with the language Congress used in the statute, but also avoids irrational sentencing disparities that Congress cannot have intended.  Under the competing approach, a defendant who distributed 28 grams of crack cocaine after enactment of the Fair Sentencing Act would be charged with a violation of Section 841(b)(1)(B), and face a mandatory minimum term of 5 years' imprisonment, while a defendant who distributed the same amount before passage of the Fair Sentencing Act and had likewise been charged under Section 841(b)(1)(B) would, by virtue of the First Step Act, escape the mandatory minimum — just because his indictment did not allege (and there was no reason to allege) that the crime involved 28 grams or more of crack cocaine.  Nothing in the text or legislative history of the First Step Act suggests that Congress would have countenanced this asymmetry, which is entirely unfair to defendants sentenced after enactment of the Fair Sentencing Act.  *See Blocker*, 378 F. Supp. 3d at 1131 (rejecting contrary defense interpretation in part because it would "introduce enormous disparity . . . giving earlier crack defendants a lower penalty range not available to later crack defendants").

Finally, and relatedly, keying eligibility to the offense conduct instead of the statute of conviction does not, as defendants in other cases have argued, implicate the rulings in *Apprendi v. New Jersey,* 530 U.S. 466 (2000), and *Alleyne v. United States*, 570 U.S. 99 (2013), that any fact increasing either a statutory maximum or mandatory minimum penalty must be charged in an indictment and found by a jury or admitted by the defendant.[1]  A court applying the First Step Act is not *increasing* any sentence — or engaging in any kind of plenary resentencing — but rather determining whether to grant a reduction.  *See United States v. Lawson*, 2019 WL 1959490, at *3 (N.D. Ohio May 2, 2019); *Davis*, 2019 WL 1054554, at *2; *Potts*, 2019 WL 1059837, at *2–3.

The Supreme Court's decision in *Dillon* is instructive on this point.  There, the Court considered a motion for sentencing reduction under 18 U.S.C. § 3582(c)(2), which allows a court to reduce a sentence, in its discretion, upon adoption of a sentencing guideline amendment designated by the Sentencing Commission as retroactive.  The Commission's policy statement implementing Section 3582(c)(2) decreed that a court could not, except in limited, specified circumstances, reduce a sentence below the range set by the amended guideline provision.  Defendants objected that a further reduction should be allowed under *Booker v. United States*, 543 U.S. 220 (2005), which rendered the guidelines advisory to remedy a violation of *Apprendi*.  But the Supreme Court

---

[1] Courts are unanimous that *Apprendi* and *Alleyne* do not apply retroactively, *see, e.g.*, *Love v. Menifee,* 333 F.3d 69, 73 (2d Cir. 2003); *United States v. Redd*, 735 F.3d 88, 91-92 (2d Cir. 2013) (per curiam), and of course nothing in the First Step Act suggests otherwise — much less with the "express[]" language that would be required for such a change, *see* 18 U.S.C. § 3582(c)(1)(B) ("[t]he court may not modify a term of imprisonment once it has been imposed" unless "otherwise expressly permitted by statute").  In fact, *Alleyne* applied to very few, if any, defendants who might benefit from the First Step Act.  Any defendant whose offense occurred before August 3, 2010, and whose conviction became final before *Alleyne* was decided on June 17, 2013, was subject to the rule of *Harris v. United States*, 536 U.S. 545 (2002), that a jury need not find a quantity increasing a mandatory minimum sentence, a decision later overruled in *Alleyne*.

August 21, 2019
Page 7

disagreed, stating that "[b]y its terms, [Section] 3582(c)(2) does not authorize a sentencing or resentencing proceeding," and that, accordingly, "the interests identified in *Booker* — which itself relied on *Apprendi* — were not implicated. *Id.* at 828.[2]  The same is true here; the retroactive application of the Fair Sentencing Act is not constitutionally compelled, but rather is an act of Congressional lenity.  *Apprendi* and *Alleyne* are not implicated.

In sum, because the quantity of crack involved in Morrison's offense exceeds Section 841(b)(1)(B)'s quantity threshold under the Fair Sentencing Act, the statutory penalties applicable to Morrison's violation are not modified and he is ineligible for a sentencing reduction under the First Step Act.

**Morrison Should Not Receive a Sentencing Reduction.**  Even if the Court determines that Morrison is eligible for resentencing, the Court should exercise its discretion to deny Morrison's motion for resentencing.  Resentencing is not mandatory under the First Step Act.  Rather, whether a resentencing and a reduction in sentence are warranted is entirely within the discretion of the Court.

As an initial matter, we have obtained and reviewed Morrison's inmate records for discipline, education, and work as of August 13, 2019.  On the one hand, Morrison has incurred seven violations since 2008 for misconduct including fighting, disruptive behavior, and use of marijuana and a cell phone (Ex. A).  On the other hand, he has worked toward rehabilitation through education credits and periodic work (Exs. B, C).

Permitting resentencing, however, would provide Morrison with an unwarranted benefit.  In this case, the crack quantity involved in Morrison's offense far exceeds the Section 841(b)(1)(B) quantity thresholds established by the Fair Sentencing Act.  Morrison should not benefit from the fact that the charging document specified the relevant statutory threshold quantity in effect at the time, and that standard practices in the pre-*Alleyne* context did not seek to have the jury make findings (or the defendant make admissions at his plea proceeding) as to the total drug quantity. Had the Fair Sentencing Act and *Alleyne* been in effect at the time Morrison was charged, undoubtedly the Government would have charged him with at least 28 grams of crack cocaine, and he would have admitted to at least that quantity at his plea proceeding, consistent with the 150 grams to 500 grams of crack cocaine specified in the plea agreement.  Other defendants who have been charged and sentenced in the post-Fair Sentencing Act and *Alleyne* contexts have faced just that scenario, and, under Section 404(c), are not entitled to resentencing under the First Step Act. Permitting Morrison to benefit from the happenstance of the timing of his case, and where the actual crack quantity involved does not support modified statutory penalties, would offend "the need to avoid unwarranted sentencing disparities among" similarly situated offenders under 18 U.S.C. § 3553(a)(6), and the need for a sentence to "reflect the seriousness of the offense,"

---

[2] Consistent with *Dillon*, the Second Circuit has held that a court determining eligibility for a sentence reduction under Section 3582(c)(2) based on a retroactive guideline amendment may make factual findings based on the original record to determine whether the offense involved a quantity that results in the same sentencing range under the amended guideline and therefore renders the defendant ineligible for relief.  *See United States v. Rios*, 765 F.3d 133, 138 (2d Cir. 2014).

August 21, 2019
Page 8

"promote respect for the law," and "provide just punishment for the offense" under § 3553(a)(2)(A).  *See Dorsey*, 567 U.S. at 276–79 (expressing the importance of consistency in sentencing similarly situated offenders when determining the retroactive application of a statutory amendment).

Therefore, in the event the Court determines that Morrison is eligible for resentencing under the First Step Act, the Court should nevertheless exercise its discretion to deny Morrison's motion.

**Sentencing Range.**  Should the Court determine that Morrison is eligible for resentencing and exercise its discretion to resentence him, the Government agrees with the Guidelines calculation of the Probation Office and the defendant.  Based on the 150 grams of crack cocaine and 3-point reduction adopted by Judge Jones, Morrison's offense level would be 23.  U.S.S.G. §§ 2D1.1(c), 3E1.1.  His criminal history category would remain III.  Accordingly, Morrison's Guidelines range would be 57 to 71 months' imprisonment on Count One, followed by 120 months' imprisonment on Count Two, for a total Guidelines range of 177 to 191 months' imprisonment.  Morrison's current projected release date is July 13, 2021.

**Form of Order and Delay of Release.**

1. Statutory Authority.  The Government notes that in entering an order in this matter, the Court should not use the AO Form 247 that was developed in 2011 for Guidelines-based sentencing reduction motions under 18 U.S.C. § 3582(c)(2).  Instead, the Government requests that any order on this motion reference it statutory authority via introductory language to the following effect:

> Upon motion of the defendant under 18 U.S.C. § 3582(c)(1)(B) for a reduction in the term of imprisonment imposed based on Section 404(b) of the First Step Act of 2018, P.L. 115-391, § 404(b), 132 Stat. 5194, 5220 (2018), and having considered such motion, and taking into account the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, it is hereby ORDERED that . . .

2. Delay of Release.  Should the Court's new sentence result in an immediate release of Morrison, the Government further requests that the Court's order contain the following provision:

> The Bureau of Prisons is authorized to delay execution of this Order for up to ten days after its issuance so that the Bureau of Prisons may make necessary arrangements for the defendant to be received upon release, and to ensure that any other necessary notifications and formalities are accomplished. The Bureau of Prisons is authorized to release the defendant before the ten-day delay has ended if the necessary arrangements, notifications, and formalities for release are completed earlier.

The principal reason for this delay is that the Bureau of Prisons has advised that it may take time for appropriate living arrangements to be made for an inmate upon release, particularly if the inmate does not have relatives who can take him in.  In addition, in some instances (fairly infrequent for those convicted only of narcotics charges), the Bureau of Prisons may also need (1) to review the defendant for possible civil commitment as a sexually dangerous person, as required

August 21, 2019
Page 9

by 18 U.S.C. § 4248; (2) to notify victims and witnesses of the release of an offender as required by 18 U.S.C. § 3771; and (3) to notify law enforcement officials and sex offender registration officials of the release of a violent offender or sex offender pursuant to 18 U.S.C. § 4042(b) & (c). The Bureau of Prisons is also required to collect DNA samples pursuant to 42 U.S.C. § 14135a, although these are usually obtained at the time of entry into Bureau of Prisons custody.

Respectfully submitted,

GEOFFREY S. BERMAN
United States Attorney for the
Southern District of New York

By: /s Alexander Li
    Alexander Li
    Assistant United States Attorney
    212-637-2265

cc:     Jennifer L. Brown, Esq. (*by ECF*)
        Robert Morrison, Reg. No. 59909-054 (*by mail*)