USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12-11-19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------x
UNITED STATES OF AMERICA,           :
                                    :    07-cr-003 (LAP)
                    Plaintiff,      :
-against-                           :
                                    :    ORDER
                                    :
ROBERT MORRISON,                    :
                                    :
                    Defendant.      :
                                    :
------------------------------------x

LORETTA A. PRESKA, Senior United States District Judge:

Before the Court is Defendant Robert Morrison's motion for a sentence reduction based on the First Step Act of 2018. (See Letter Motion ("Motion"), dated July 22, 2019 [dkt. no. 808].) For the reasons stated below, the Court DENIES the Motion.

I.  Background

On January 4, 2010, Morrison pleaded guilty pursuant to a plea agreement to (1) conspiring to distribute and possess with intent to distribute five grams or more of crack cocaine, in violation of 21 U.S.C. §§ 812, 841(a)(1), 841(b)(1)(B), and 846 ("Count I"); and (2) using, carrying, possessing, and discharging a firearm during a Hobbs Act robbery, in violation of 18 U.S.C. § 924(c)(1)(A)(iii) and 2 ("Count II"). (See Superseding Information, dated Jan. 4, 2010 [dkt. no. 345]; Judgment, dated Feb. 1, 2012 [dkt. no. 526].) Morrison faced a mandatory minimum sentence of five years imprisonment on Count

1

I, and a mandatory, consecutive sentence of 120 months on Count II. (See Government's Sentencing Memorandum, dated Jan. 11, 2012 [dkt. no. 521], Ex. A ("Plea Agreement") at 1-2.)

In the Plea Agreement, the parties stipulated that Morrison had conspired to distribute over 150 grams of crack cocaine -- i.e., far more than the five grams actually charged in Count I. (Plea Agreement at 2-3.) The Plea Agreement calculated his sentencing range under the United States Sentencing Guidelines (the "Guidelines") to be 97 to 121 months' imprisonment for Count I, followed by a consecutive 120 months' imprisonment for Count II, for a total Guidelines range of 217 to 241 months' imprisonment. (Id. at 4.) On January 12, 2012, Judge Barbara S. Jones adopted the Guidelines set forth in the plea agreement and sentenced Morrison to 72 months on Count I, to be followed by the 120 months on Count II, for a total sentence of 192 months. (See Motion, Ex. D, Sentencing Transcript ("Sent. Tr."), dated Jan. 12, 2012 [dkt. no. 808-4] at 11-14.) Morrison did not challenge the drug quantity of over 150 grams of crack specified in the plea agreement. (See id. at 3.)

On July 22, 2019, Morrison moved for a sentence reduction under section 404 of the First Step Act, asking the Court to reduce his sentence to time served--which, including credit for good time, is the equivalent of an approximately 14-year sentence--followed by three years of supervised release. (See

Motion at 2.) The Government opposed, arguing that Morrison was ineligible for a sentence reduction under section 404 of the First Step Act, and that, in the alternative, the Court should exercise its discretion to deny the Motion, even if Morrison was eligible for a reduced sentence. (See Letter in Opposition ("Opposition"), dated Aug. 21, 2019 [dkt. no. 812].)

II. Discussion

In 2010, Congress passed the Fair Sentencing Act, which modified the statutory penalties for crack offenses by increasing the amount of crack needed to support certain statutory sentencing ranges. See Pub. L. No. 111-220, 124 Stat. 2372. As relevant here, section 2 of the Fair Sentencing Act increased the amount of crack needed to trigger the minimum and maximum sentences imposed by 21 U.S.C. § 841(b)(1)(B) from five grams to 28 grams. Before the passage of the Fair Sentencing Act, defendants convicted of an offense involving five grams of crack faced a mandatory minimum sentence of five years; after the Fair Sentencing Act's passage, they faced no mandatory minimum. See 21 U.S.C. § 841(b)(1)(B).

The Fair Sentencing Act did not originally apply retroactively, but in 2018, Congress passed the First Step Act, which gave certain provisions of the Fair Sentencing Act retroactive effect. See Pub. L. 115-391, § 404, 132 Stat. 5194, 522 (codified at 21 U.S.C § 841 note). As relevant here,

3

section 404(b) of the First Step Act allows "[a] court that imposed a sentence for a covered offense ... [to] impose a reduced sentence as if section 2 and 3 of the Fair Sentencing Act ... were in effect at the time the covered offense was committed." A "covered offense," in turn, is defined by section 404(a) as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act ... that was committed before" the Fair Sentencing Act took effect.

Morrison contends that the plain language of section 404 makes him eligible for a reduced sentence, since the penalties that could be imposed in Count I for a violation of 21 U.S.C. § 841(b)(1)(B) were modified by the Fair Sentencing Act. (See Motion at 3-7.) The Government responds that Morrison cannot avail himself of the modified penalties because, although Morrison was only charged for five grams of crack cocaine, his violation in fact involved over 150 grams of crack. (See Opposition at 3-7.) Since the Fair Sentencing Act did not modify penalties for offenses based on 150 grams of crack, the Government submits that Morrison's violation is not a "covered offense" under section 404(a) of the First Step Act and that Morrison is thus ineligible for a sentence reduction. (Id.)

The Court agrees with Morrison and concludes that the statutory offense for which the defendant was convicted --

4

rather than the defendant's underlying conduct -- is what the Court must look to when determining whether the defendant's offense qualifies as a "covered offense" under the First Step Act. As the Government acknowledges (see Opposition at 4), this conclusion is consistent with the overwhelming weight of cases that have considered the issue. See, e.g., United States v. Rose, 379 F. Supp. 3d 223, 228 (S.D.N.Y. 2019) ("[E]ligibility is determined by the statute(s) underlying the defendant's conviction and penalty, not the defendant's offense conduct."); United States v. Williams, No. 03 Cr. 1334, 2019 WL 2865226, at *2 (S.D.N.Y. July 3, 2019) ("It is the statute of conviction, rather than a defendant's actual conduct, that determines a defendant's eligibility under the First Step Act."); United States v. Martinez, No. 04 Cr. 48-20, 2019 WL 2433660, at *2 (S.D.N.Y. June 11, 2019) (finding that "covered offense" refers to the violation "charged in the indictment" and noting that the "few cases" finding otherwise "are outliers"). The Court therefore concludes that Count I is a covered offense and that Morrison is eligible for a reduced sentence.

Having resolved the eligibility question, the Court now turns to whether a sentence reduction is warranted here. This determination rests soundly within the discretion of the Court. See First Step Act § 404(c) ("Nothing in this section shall be construed to require a court to reduce any sentence pursuant to

5

this section.") Having considered the parties' submissions, the record, the 18 U.S.C. § 3553(a) factors, and Morrison's post-offense conduct, the Court concludes that a reduced sentence is not warranted in this case. The Court reaches this conclusion for two main reasons.

First, while the Court acknowledges Morrison's efforts towards rehabilitation--including his work and certificates (see Opposition, Exs. B & C [dkt. nos. 812-2, 812-3])--Morrison's disciplinary record is less than stellar. He has been sanctioned seven times since 2008 for misconduct, including fighting, marijuana use, and disruptive behavior. (See Opposition Ex. A [dkt no. 812-1].) Most of these infractions took place several years ago, but they still raise questions about the extent of Morrison's remediation.

Second, and more importantly, the severity of Morrison's offense conduct makes it inappropriate to reduce his sentence. Although he was only charged for five grams of crack, Morrison's violation actually involved a much larger amount: over 150 grams. (See Plea Agreement at 2-3; Sent. Tr. at 3.) That quantity far exceeds the new 28-gram, post-Fair Sentencing Act threshold for imposing penalties under Section 841(b)(1)(B). If the Government had charged Morrison today, there is little doubt that it would have charged him for at least 28 grams, thereby triggering the same five-year mandatory minimum Morrison faced

6

at his sentencing back in 2012. As the Government rightly points out, reducing Morrison's sentence would thus give him an undeserved windfall unavailable to defendants who engaged in the exact same conduct post-Fair Sentencing Act. (See Opposition at 7-8.) A sentence reduction would therefore conflict with the Court's obligation to impose sentences that both "reflect the seriousness of the offense" and "avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct." See 18 U.S.C. § 3553(a)(2)(A) and (a)(6). For these reasons, reducing Morrison's sentence is not warranted.

Conclusion

To the extent they are not addressed above, the Court has considered Morrison's other arguments and finds them unavailing. Morrison's motion for a sentence reduction [dkt. no. 808], is DENIED. The Clerk of the Court is directed to close the motion.

SO ORDERED.

Dated:  New York, New York
        December 11, 2019

*Loretta A. Preska*
LORETTA A. PRESKA
Senior United States District Judge