UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROBERT MORRISON,<br><br>                    Petitioner,<br><br>-against-<br><br>UNITED STATES OF AMERICA,<br><br>                    Respondent. | 13-CV-1250 (LAP)<br><br>07-CR-3 (LAP)<br><br>ORDER |

LORETTA A. PRESKA, SENIOR UNITED STATES DISTRICT JUDGE:

Before the Court is pro se Petitioner Robert Morrison's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255.[1]  The Government opposed the motion, (dkt. no. 617), and Mr. Morrison replied, (dkt. no. 12 in 13-CV-1250).  For the reasons below, Petitioner's motion is DENIED.

I.   Background

The Court assumes the parties' familiarity with the facts of the case and will summarize only the facts relevant to the instant motion.  On January 4, 2010, Morrison pleaded guilty, pursuant to a plea agreement, to a two-count superseding information charging him with (1) conspiracy to distribute and possess with intent to distribute narcotics in violation of 21

---

[1] (Dkt. no. 1 in 13-CV-1250; dkt. no. 600 in 07-CR-0003.)  Petitioner also sought the Court's leave to amend his petition to raise a claim based on the Supreme Court's decision in Johnson v. United States, 576 U.S. 591 (2015).  (Dkt. no. 634.)  Unless otherwise specified, all docket entry citations are to the criminal docket at 07-CR-3.

1

U.S.C. §§ 846 & 841(b)(1)(B) and (2) using, carrying, possessing and discharging a firearm during and in relation to a crime of violence--namely, an attempted Hobbs Act robbery--in violation of 18 U.S.C. §§ 924 (c)(1)(A)(iii) & 2.  (See dkt. no. 617-1 at 1-2; dkt. no. 617-3 at 1-4.)  The underlying robbery was not charged in the Information but had been previously charged against Morrison in a separate indictment.  (See dkt. no. 93 ¶ 30.)  At his January 4, 2010 plea conference before Magistrate Judge Gorenstein, Morrison admitted under oath that he had participated in the underlying crimes to which he pleaded guilty. (See dkt. no. 617-2 at 14:17-20:20.)

On January 12, 2012, Judge Jones sentenced Morrison to 192 months' imprisonment followed by a term of four years' supervised release.  (See dkt. no. 526 at 2-3.)  The judgment was filed and entered on February 1, 2012.  (See id. at 1.)  Petitioner did not appeal his conviction or sentence.

On February 22, 2013, Morrison filed the instant § 2255 motion.  (Dkt. no. 600.)  He seeks to vacate his § 924(c) conviction or, in the alternative, reduce his sentence from ten years to five years.  (Id. at 11-12.)  Morrison alleges that his Sixth Amendment right to effective assistance of counsel was violated because (1) counsel allowed him to plead guilty to a § 924(c) charge even though Morrison was never convicted for an underlying crime of violence; (2) counsel failed to secure a

five-year penalty under § 924(c) rather than the ten-year penalty he received; and (3) counsel failed to ensure that the Government established that the underlying Hobbs Act robbery affected interstate commerce.  (Id. at 4, 5, 7.)  Petitioner contends that he would have insisted on going to trial if he knew that the interstate commerce element under the Hobbs Act had not been met.  (See dkt. no. 12 in 13-CV-1250 at 5.)  The Government asserts that Petitioner's motion is time-barred and devoid of merit.  (Dkt. no. 617 at 1.)

Additionally, on June 23, 2016 and with the aid of an attorney, Petitioner sought the Court's leave to amend his § 2255 petition to assert a claim under Johnson, 576 U.S. at 606, which held that the residual clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(2)(B)(iii), was unconstitutionally vague.  (Dkt. no. 634.)  Petitioner asserted that his conviction could not stand because attempted Hobbs Act robbery no longer qualified as a crime of violence under the residual clause of § 924(c)(3).  (See id. at 2.)  The Court granted Petitioner leave to amend his motion, (see dkt. no. 635), but no further briefing was ever filed.

**II. Legal Standard**

  **A. Statute of Limitations**

"A 1-year period of limitation" applies to § 2255 motions, which "run[s] from the latest of," most relevantly, either when

3

(1) "the date on which the judgment of conviction becomes final" or (2) "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). "When no notice of appeal (or other post-conviction motion) is filed in a defendant's case, . . . the conviction becomes final fourteen days after judgment is entered." United States v. Wright, 945 F.3d 677, 683 (2d Cir. 2019), cert. denied, 140 S. Ct. 1234 (2020). Claims filed outside of this one-year window are time-barred. See 28 U.S.C. § 2255(f).

However, "[u]ntimely claims may be deemed timely in rare and exceptional circumstances, and only if the petitioner can show that extraordinary circumstances warrant equitable tolling." Gonzalez v. United States, No. 15 Civ. 8831, 2018 WL 5023941, at *3 (S.D.N.Y Oct. 17, 2018) (quotation marks omitted). "The petitioner must establish that (a) 'extraordinary circumstances' prevented him from filing a timely petition, and (b) he acted with 'reasonable diligence' during the period for which he now seeks tolling." Martinez v. Superintendent of E. Corr. Facility, 806 F.3d 27, 31 (2d Cir. 2015). In order to meet the threshold of extraordinary circumstances, the "proper inquiry is not how unusual the

4

circumstance alleged to warrant tolling is among the universe of prisoners, but rather how severe an obstacle it is for the prisoner endeavoring to comply with" the statute of limitations. Diaz v. Kelly, 515 F.3d 149, 154 (2d Cir. 2008).  But a showing of extraordinary circumstances alone is insufficient to secure equitable tolling; rather, the petitioner must "demonstrate that those circumstances caused him to miss the original filing deadline."  Harper v. Ercole, 648 F.3d 132, 137 (2d Cir. 2011).

**B. Ineffective Assistance of Counsel**

In order to prevail on a claim of ineffective assistance of counsel, Petitioner must show both that (1) "counsel's representation fell below an objective standard of reasonableness" and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  Strickland v. Washington, 466 U.S. 668, 688, 694 (1984).  In the context of a plea agreement, "it is a lawyer's general duty to advise a defendant concerning acceptance of a plea bargain."  United States v. Farhane, No. 18 Civ. 11973 (LAP), 2020 WL 1527768, at *1 (S.D.N.Y. Mar. 31, 2020) (Preska, J.) (citing Fulton v. Graham, 802 F.3d 257, 265 (2d Cir. 2015)).

Under the first prong of the Strickland test, "the proper standard for attorney performance is that of reasonably effective assistance."  Strickland, 466 U.S. at 687.  In this

5

capacity, the court must remain "highly deferential" to counsel's performance and "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689.

With regard to the second prong of the Strickland test, the petitioner must establish "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985). "It is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding" as "every act or omission of counsel would meet that test." Strickland, 466 U.S. at 693. In this determination, the court must "inquire[] into the record as a whole to determine whether a reasonable probability exists that absent counsel's error, the outcome of the proceeding would have been different." United States v. Arteca, 411 F.3d 315, 321 (2d Cir. 2005). In the context of a defendant's pleading guilty, "a petitioner must convince the court that a decision to reject the plea bargain would have been rational under the circumstances." Padilla v. Kentucky, 559 U.S. 356, 372 (2010). Accordingly, the second prong of the Strickland test focuses on "whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair." Lockhart v. Fretwell, 506 U.S. 364, 372 (1993).

## II. Discussion

### A. Morrison's Ineffective Assistance Claims are Time-Barred

In the instant case, the judgment against Morrison was entered on February 1, 2012.  (See dkt. no. 526 at 1.)  Because no appeal was taken, Morrison's conviction became final on February 15, 2012.  See Wright, 945 F.3d at 683.  Petitioner's § 2255 motion was received by the Court on February 22, 2013.  (See dkt. no. 600 at 1.)  Thus, absent equitable tolling, Morrison's claims asserting ineffective assistance of counsel are untimely.  In light of that fact, the Court ordered Morrison to file an affirmation showing cause why his motion should not be denied as time barred.  (See dkt. no. 5 in 13-CV-1250.)  Morrison timely filed such an affirmation.  (See dkt. no. 6 in 13-CV-1250.)  The Court, as it must, construes that submission "liberally" and considers it "to raise the strongest arguments that [it] suggest[s]."  Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 472 (2d Cir. 2006) (per curiam).

Morrison offers the following explanation for his delay.  Morrison contends that he went to the mail room on the morning of February 15, 2013--i.e., within the limitations period--to mail his petition but was unable to send it due to inadequate postage. (Dkt. no. 6 in 13-CV-1250 at 1.)  Morrison tried again to mail his motion the next business day, February 18, 2013, but the correctional facility's mailroom was closed in observance of

7

Presidents' Day.  (Id. at 1-2.)  Having acquired enough postage to mail a copy of his petition to the Court, he sent the Court's copy of the § 2255 motion on February 19, 2013 and the Government's copy on February 20, 2013.  (Id. at 2-3.)  However, in preparing both documents for mailing, Petitioner's copies inadvertently mixed, resulting in the Court receiving the February 20 copy and the Government receiving the February 19 copy.  (Id.)

Morrison has not made out a claim of equitable tolling because he has not demonstrated that "some extraordinary circumstance stood in his way and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (internal quotation marks omitted).  "It is exceedingly rare for courts in the Second Circuit to find that extraordinary circumstances exist." Hernandez v. Khahaifa, No. 10 Civ. 6582 (KMK), 2013 WL 3984958, at *13 (S.D.N.Y. July 31, 2013).  In that vein, general difficulties inherent to prison life generally "are not extraordinary circumstances for purposes of equitable tolling."  Lora v. United States, No. 07 Civ. 6936, 2007 WL 4966776, at *3 (S.D.N.Y. Nov. 21, 2007).

Although Petitioner has demonstrated that he exercised reasonable diligence by filing his motion at the earliest available time, the unavailability of postage at the correctional facility is insufficient to meet the threshold of

extraordinary circumstances.[2]  Difficulties in purchasing or otherwise obtaining postage--a common problem in the prison system--are not a rare or extraordinary circumstance worthy of equitable tolling.[3]  Accordingly, Morrison is not entitled to equitable tolling of the limitations period, and, as a result, his ineffective assistance claims are time-barred.

### B. Morrison's Ineffective Assistance Claim is Meritless

Moreover, even if Morrison's ineffective assistance claims were timely, his § 2255 petition would still fail.  Indeed, Morrison's claim of ineffective assistance of counsel is

---

[2] See Moon v. Rock, No. 7 Civ. 5026 (SJF), 2008 WL 5272469, at *4 (E.D.N.Y. Dec. 15, 2008) (holding that Petitioner's delay in securing postage for mailing petition is not an extraordinary circumstance warranting tolling); see also Boykin v. United States, Nos. 18 Civ. 736 (CM) & 10 Cr. 391 (CM), 2018 WL 4855271, at *3 (S.D.N.Y. Sep. 21, 2018) (holding that petitioner's failure to obtain stamps was not an extraordinary circumstance because he failed to explain why he was not able to obtain postage and, in fact, borrowed stamps from a fellow inmate).

[3] The case at hand can be distinguished from Bryan v. Lee, No. 9 Civ. 9276 (ER), 2013 WL 5586312 (S.D.N.Y. Oct. 9, 2013). There, the court equitably tolled the statute of limitations when, "but for a lack of $.04 of postage, the [§ 2255] petition would have been timely filed pursuant to the mailbox rule." Id. at *6.  Here, however, Morrison waited until the last possible day to mail his petition, and he was never able to mail it because he could not acquire any postage.  That differs materially from Bryan, where the court found that the petitioner could have reasonably believed that he had used sufficient postage when filing his petition. Id.  Moreover, despite Bryan's conclusion, the court there observed that the petitioner's waiting until two days before the expiration of the statute of limitations to mail his petition "weigh[ed] against equitable tolling." Id.

9

meritless because he has failed to fulfill the prejudice prong of the Strickland test.  When applying Strickland, the Court need only consider the second prong "if it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice."  Strickland, 466 U.S. at 697.

Recall that, in the context of a guilty plea, Petitioner must show "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."  Hill, 474 U.S. at 59.  Although petitioner maintains that he would have insisted on going to trial, (see dkt. no. 634 at 2.), "conclusory allegations that a defendant would have insisted on proceeding to trial are generally insufficient to establish actual prejudice under Strickland."  Scott v. Superintendent, Mid-Orange Corr. Facility, No. 03 Civ. 6383, 2006 WL 3095760, at *9 (E.D.N.Y. Oct. 31, 2006).  Based on the record, the Court finds that it would not have been "rational under the circumstances" for Petitioner to have "reject[ed] the plea bargain."  Padilla, 559 U.S. at 372.

Several of Morrison's co-defendants proceeded to trial, and all of them were convicted of all charges and received longer sentences than Morrison.  Yet, Morrison "has not suggested a viable trial defense," Glover v. United States, Nos. 14 Civ. 8853 & 11 Cr. 629-3, 2015 WL 11281553, at *5 (S.D.N.Y. Oct. 23, 2015), "nor has he presented proof that he could have succeeded

in avoiding conviction following a trial," Guzman v. United States, No. 11 Civ. 2433, 2011 WL 6097128, at *6 (S.D.N.Y. Dec. 7, 2011).  Indeed, Morrison's allocution to assisting another with an attempt to commit a robbery and discharging a firearm, (see dkt. no. 617-2 at 14:17-20:20), gives the Court no "reason for doubting the strength of the Government's case against him." Glover, 2015 WL 11281553, at *5.  Moreover, as a result of his plea, Petitioner received a reduced sentencing guidelines range and had some of the charges against him dismissed, all of which would have been unavailable had he proceeded to trial.  (Dkt. no. 617-1.)  Collectively, those facts evince that it would not have been rational for Morrison to have insisted on going to trial.  See Padilla, 559 U.S. at 372.

In sum, because Morrison cannot establish prejudice under Strickland, his claims asserting ineffective assistance of counsel fail.

### C. Johnson Does not Entitle Morrison to Relief

The Court has already concluded that Petitioner timely raised his Johnson claim.[4]  Yet, even though the Court afforded Petitioner--and, specifically, Petitioner's counsel--an opportunity to supplement his § 2255 motion, (see dkt. no. 635),

---

[4] (See dkt. no. 635.)  Morrison's placeholder motion was filed on June 23, 2016, less than one year after the Supreme Court's decision in Johnson, thus satisfying § 2255(f)(3).

11

no further briefing on the matter was ever filed.  But even if more briefing had been received, it would have been of no moment.  Johnson, 576 U.S. at 606, invalidated the so-called residual clause of ACCA, not § 924(c)(3)--the statute under which Morrison was convicted.  See Diaz v. United States, Nos. 16 Civ. 6241 (KMK) & 11 Cr. 630 (KMK), 2020 WL 1503453, at *5 (S.D.N.Y. Mar. 30, 2020).  Moreover, although the Supreme Court has since invalidated § 924(c)(3)'s residual clause, see United States v. Davis, 139 S. Ct. 2319, 2336 (2019), numerous persuasive decisions have held that attempted Hobbs Act robbery is a crime of violence under § 924(c)(3)'s force clause.  See, e.g., Crowder v. United States, No. 05 Cr. 67-02 (CM), 2019 WL 6170417, at *2 (S.D.N.Y. Nov. 20, 2019); Simmons v. United States, No. 08 Cr. 1133 (AKH), 2019 WL 6051443, at *4 (S.D.N.Y. Nov. 15, 2019); United States v. Jefferys, No. 18-CR-359 (KAM), 2019 WL 5103822, at *8 (E.D.N.Y. Oct. 11, 2019).  For each of these reasons, the Court concludes that neither Johnson nor Davis entitles Morrison to relief.

**IV. Conclusion**

   For the foregoing reasons, Mr. Morrison's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 [dkt. no. 1 in 13-CV-1250; dkt. no. 600 in 07-CR-0003] is DENIED.  The Clerk of the Court is directed to (1) mark this action

closed and all pending motions denied as moot and (2) mail a copy of this order to Mr. Morrison.

**SO ORDERED.**

Dated:     April 26, 2021
           New York, New York

_____
LORETTA A. PRESKA
Senior United States District Judge