# Federal Defenders
## OF NEW YORK, INC.

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

*David E. Patton*
Executive Director
*and Attorney-in-Chief*

Southern District of New York
*Jennifer L. Brown*
Attorney-in-Charge

April 18, 2023

**By ECF**
Hon. Loretta A. Preska
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   **United States v. Robert Morrison**
      **07 Cr. 3 (LAP)**

Dear Judge Preska:

On behalf of Robert Morrison, I write to move this Court, pursuant to 18 U.S.C. § 3583(e)(1) and Fed. R. Crim. P. 32.1(c)(2)(B), for early termination of supervised release.

Mr. Morrison has served 24 months of his 48-month term of supervision. During that time, he has kept in perfect compliance with all conditions. He has maintained stable housing, worked, completed this District's RISE Court, become certified as a personal trainer, and secured a full-time job as a trainer at the New York Sports Club in Hoboken, New Jersey. Supervisory U.S. Probation Officer Erin Weinrauch, who oversaw the RISE Court, supports this motion. In her view, early termination of supervised release would serve "the interests of justice" because Mr. Morrison has "achieved all goals set for him." The attorney for the government, AUSA Alexander Li, has no objection.

By way of background: In 2007, Mr. Morrison, then 20 years old, was arrested and charged with offenses arising from his membership in a drug trafficking organization. PSR p.2 & ¶¶ 25–78. In 2010, he pleaded guilty to: (i) conspiracy to possess with intent to distribute five grams or more of crack, in violation of the versions of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 846 then in effect; and (ii) aiding and abetting the discharge of a firearm during and in relation to a crime of violence, namely, an attempted Hobbs Act robbery, in violation of 18 U.S.C. § 924(c)(1)(A)(iii). Dkt. Nos. 444 and 526, at 1. In 2012, the district court (Jones, J.) sentenced him to 72 months on the drug count, and the mandatory minimum of 120 months on the firearm count, for an aggregate term of 192 months, to be followed by four years' supervised release. Dkt. No. 526, at 2–3. In July 2020, Mr. Morrison was designated to a halfway house. On April 30, 2021, he was released from BOP custody.

Hon. Loretta A. Preska  April 18, 2023
United States District Judge  Page 2

**Re:  United States v. Robert Morrison**
     **07 Cr. 3 (LAP)**

Over the first two years of his term of supervision, Mr. Morrison has done exceptionally well. He has kept in perfect compliance with all supervised-release conditions and has incurred no violations whatsoever. He has maintained stable housing, residing with his mother Angela McKenzie and his sister April McKenzie (a practicing attorney) in Yorktown Heights, New York, a small community in Westchester County. He has worked throughout the term, mostly as a driver for Uber Eats and DoorDash, and as a personal trainer. In November 2022, he completed this District's yearlong RISE Court in White Plains (Seibel, J., presiding). Through RISE Court, he was referred to a nine-week training program and became a certified personal trainer, certified by the National Federation of Professional Trainers (NFPT-CPT). Based on that certification, Mr. Morrison has now secured full-time employment as a trainer at the New York Sports Club in Hoboken, New Jersey. As noted above, SUSPO Weinrauch, who oversaw the RISE Court, commends Mr. Morrison for his outstanding performance and supports early termination.

Section 3583(e)(1) provides that this Court may "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, ... if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." "[E]xceptionally good behavior by the defendant" may "render a previously imposed term ... of release either too harsh or inappropriately tailored to serve the general punishment goals of section 3553(a). In such cases, the court may invoke ... [§ 3583(e)(1)], which 'works to the advantage of the defendant,' ... to discharge the defendant from supervised release." United States v. Lussier, 104 F.3d 32, 36 (2d Cir. 1997). "The court is encouraged to exercise this authority in appropriate cases." U.S.S.G. § 5D1.2 cmt. n.5.

This is an appropriate case. Over the previous two years, Mr. Morrison has demonstrated exceptional conduct—full compliance with his release conditions, stable housing, completion of RISE Court, earning professional certification, and securing full-time employment. "Supervised release fulfills rehabilitative ends, distinct from those served by incarceration." United States v. Johnson, 529 U.S. 53, 59 (2000). "'Supervised release is not, fundamentally, part of the punishment; rather, its focus is rehabilitation.'" United States v. Bethea, 2015 WL 13776431, at *1 (S.D.N.Y. Dec. 7, 2015) (quoting United States v. Aldeen, 792 F.3d 247, 252 (2d Cir. 2015)). Here, supervision has fulfilled its rehabilitative function. Mr. Morrison has benefited from, and is grateful for, the resources of the Probation Department and the RISE Court. He is now well-integrated in in the community, with a place to live, a professional license, and a steady job. That is why Probation supports early termination in the "interests of justice"—because Mr. Morrison has "achieved all goals set for him." It is appropriate to recognize those achievements and to allow Probation to allocate its resources to other defendants who need them.[1]

---

[1] For other examples of early termination with government consent in this District, see United States v. Billups, 15 Cr. 454 (GHW) (termination after less than two years of five-year term; conviction for brandishing firearm in connection with robbery and drug distribution conspiracy); United States v. Trinidad, 14 Cr. 537 (NRB) (termination after three years of five-year term; conviction for possessing child pornography); United States v. Callahan, 13 Cr. 980 (WHP) (JGK) (termination after 25 months of concurrent 36-month terms; convictions for escape and bank robbery); United States v. Sanganou, 18 Cr. 130 (LAK) (termination after 13 months of 24-

Hon. Loretta A. Preska                                    April 18, 2023
United States District Judge                                      Page 3

**Re:   United States v. Robert Morrison**
       **07 Cr. 3 (LAP)**

   Accordingly, this Court should terminate Mr. Morrison's supervised release.

            Sincerely,

            /s/ Daniel Habib
            Asst. Federal Defender
            Tel.: (646) 484-1724

CC:   Government Counsel (by ECF)

*[Handwritten note:]* Mr. Morrison's supervised release is terminated effective immediately. He is to be congratulated on his stellar record, especially completing the requirements of the RISE Court.

SO ORDERED

*/s/ Loretta A. Preska*
LORETTA A. PRESKA
UNITED STATES DISTRICT JUDGE

5/1/23

---

month term; conviction for conspiracy to unlawfully ship firearms); United States v. Kuhtenia, 11 Cr. 12 (RMB) (termination after 50 months of 60-month term; conviction for racketeering conspiracy); United States v. Rodriguez, 15 Cr. 216 (JGK) (termination after 16 months of 24-month term; conviction for mail theft by a postal worker); United States v. Sumner, 08 Cr. 824 (DC) (termination after 53 months of 60-month term; conviction for two counts of conspiracy to possess with intent to distribute 100-plus grams of heroin).